CASE 46—PETITION EQUITY—MAY 2.

# Lockett, &c., v. Lockett, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

CONSTRUCTION OF DEVISE.—Under a devise of land by a testator to his daughter "and her lineage," the daughter takes a fee-simple estate, the word "lineage" being used in the sense of heirs.

MONTGOMERY MERRITT FOR APPELLEES.

Under the devise by the testator to his daughter and her "lineage," the daughter takes a fee-simple estate. (Johnson v. Johnson, 2 Met.,

Vol. 94—19.

333; Breckinridge v. Denny, &c., 8 Bush, 527; 1 Washburn on Real Property, p. 97.)

WM. P. COOPER FOR APPELLEES.

The word "lineage" is used in the sense of children, and the children of the testator's daughter take a present interest with their mother. (Mitchell v. Simpson, 10 Ky. Law Rep., 709; Mefford v Dougherty, 11 Ky. Law Rep., 158; Jarvis & Trabue v. Quigley, 10 B. M. 106; Prescott v. Prescott, 10 B. M., 58; Righter v. Forrester, 1 Bush, 282.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The question on this appeal is, whether Hebe Lockett, who, with her husband, brought this action to quiet her title against her children, acquired by will of her father, Milan Hancock, a fee-simple or less estate in the land in controversy.

That part of the will necessary to be quoted is as follows:

"I give to my wife, Hebe A. Hancock, my tract of land situated on Ohio river, to have for her benefit during life; also all the stock, farming utensils and furniture I may die possessed of. And I give to my wife and daughter, Susan C. Hancock, all the money and what may be owing to me at my death, to be equally divided between them. I also give to my daughter, Susan, my farm of two hundred and six acres, on which I reside. I give to my daughter, Hebe H. Lockett, *and her lineage*, two hundred and twenty-six acres, being a portion of the tract I purchased of Hart. I leave in trust to my friend and brother-in-law, H. W. Grigsby, for the benefit of my son, Milan Hancock, Jr., and his children, two hundred and thirty-six acres, being land I purchased of Hart. Said land, at the death of my son, Milan Hancock, Jr., I wish equally divided between his

children, and in case of the death of any of his children, they leaving children, said children are to receive a father's or mother's interest.   It is also my wish that said farm be cultivated annually, and that my friend and brother-in-law, H. W. Grigsby, shall see that the proceeds are judiciously appropriated for the support of my son, Milan, and his family, and in educating his children.   I wish that at the death of my wife, Hebe A. Hancock, the farm that I have given her shall be sold, and the proceeds equally divided between my three children, Susan Hancock, Milan Hancock, Jr., and Hebe H. Lockett."

There is nothing in the language or context of the will even suggestive of an intention of the testator to give to his daughter, Hebe H. Lockett, less than a fee-simple estate in the two hundred and twenty-six acres of land mentioned, unless the term *lineage*, used in connection with the devise to her, be interpreted to restrict her interest to that of a life estate, remainder to her children, or to a joint tenancy with them.   Lineage is not a legal term, but means, according to Webster's Dictionary, "race; progeny; descendants in a line from a common progenitor."

It seems to us plain that the term "lineage" was intended by the testator to be used and understood in the sense of heirs, and as simply a word of limitation.   For if the testator had intended either for his daughter to have a mere life estate in the land, or that her children should take as joint tenants with her, he would have used the word "children," as was done in describing the estate he desired his son to have in the tract of two hundred and thirty-six acres,

and would have been as explicit and particular in providing for grand-children in case of death of any of her children, as he was in respect to those of his son.

. It is true the devise of two hundred and six acres was made to his daughter, Susan Hancock, absolutely and without use of the term lineage or any other word of either limitation or purchase. But as Susan was then unmarried, the idea of children or heirs may not have occurred to the testator in respect to her. But be that as it may, there is no apparent reason for a devise by the testator of a less estate in the land to his daughter Hebe than that given to his daughter Susan. And it seems to us if the testator had intended to make such discrimination between his two daughters, he would have used additional language, or at least a term more apt, expressive and definite than the single word lineage.

The judgment of the lower court, according with our views, is, therefore, affirmed.